LAND, J.
On March 1, 1909, Ott applied for a respite from his creditors of 6, 18, and 24 months. At the meeting of creditors, W. B. Thompson & Oo. appeared and voted its claim of $8,979.08 against granting the respite ; but a majority of the creditors in number and amount voted in favor of granting the respite as prayed for by Ott. Pending the proceedings, Ott voluntarily mortgaged his immovable property in favor of a trustee, on behalf of all his creditors, to secure the prompt payment of the first installment of one-third ofi their respective claims.
It appears that Thompson & Co., cotton factors and commission merchants, during the year 1908 and prior to March 1, 1909, had made advances to Ott under a written contract by which he agreed to ship said firm 600 bales of cotton for sale on commission, with the right to impute all credits from shipments of cotton or otherwise either on his open account or notes as they saw fit. On the date Ott filed his petition for respite Thompson & Co. had on hand 33 bales of cotton, which had been shipped to said firm by Ott for sale on his account. After the date of the application for a respite and the meeting of creditors, but before the judgment granting the respite, Thompson & Co. sold the 33 bales of cotton for $2,301.38 and credited Ott’s account with that amount. On January 6, 1910, when the first installment under the respite became payable, there was a balance of $7,091.56 due Thompson & Co., one-third of which said firm claimed should *830 be paid under said installment secured by mortgage as already stated. On the other hand, Ott tendered to Thompson & Oo. the sum of $591.56, representing one-third of their claim less the net proceeds of the 33 bales of cotton. This tender was refused, and thereupon Ott ruled Thompson & Co. to show cause why the said tender should not be accepted in full satisfaction of the balance of the one-third payment due January 5, 1910, and why the mortgage should not be ordered canceled as to Thompson & Co. on deposit in court of the amount tendered, or in default thereof, remit to said Ott the proceeds of said 33 bales of cotton, and any other money or profits that may have accrued since March 1, 1909. The answer of Thompson & Co. to the rule was in substance that said firm had a privilege and pledge on said cotton, and that their right to sell the same and to retain the proceeds was not affected by the respite proceedings.
The rule was made absolute as prayed for, and Thompson & Co. have appealed.
The rule is predicated on the proposition that Thompson & Co. “are not- privileged creditors.”
Article 3095 of the Civil Code reads as follows:
“The following classes of persons cannot be compelled to enter into any contract of respite or remission: Privileged creditors, of what nature soever their privileges may be, and creditors who have a special mortgage by public act.”
Under the same article privileged creditors may seize and sell the property on which they have a privilege, and are restrained by respite only as to the surplus that may remain unsatisfied.
Under the provision of Act No. 66 of 1874, Thompson & Co. had a statutory right of pledge on said 33 bales of cotton, “with the right of sale” and with “the right to appropriate the proceeds of sale.” The same act declares that the “pledge shall be perfect,” and “the right of sale * * * shall be fully vested in such consignees.” The pledge thus conferred by law is superior to all privileges except those for wages and rent, and carries with it the right of private sale, which is denied to all other privileged creditors. The statutory pledge created by Act No. 66 of 1874 includes a privilege or the right to be preferred before other creditors. Civ. Code, article 3186. Hence there can be no question that the term “privileged creditors” includes pledgees, and more especially creditors who are invested by law with a right of pledge.
We may say in conclusion that Ott, having by contract conferred on Thompson & Co. the right to sell the cotton and to credit the' proceeds as they saw fit, has no standing to complain of the imputation made on his indebtedness as a whole. A respite operates no change in contracts, except as to time of payment.
It is therefore ordered that the judgment below be reversed, and it is now ordered that the rule sued out by E. W. Ott be dismissed, with costs in both courts.